**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DIANA GUTIERREZ, | ) | NO. SA CV 12-1851-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

///

///

///

_____

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on October 19, 2012, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 6, 2012.

Plaintiff filed a motion for summary judgment on March 25, 2013. Defendant filed a motion for summary judgment on April 22, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed October 22, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 34-49, 82, 370, 392-93, 423). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and from a vocational expert (A.R. 10-450).

The ALJ found that Plaintiff "has the following severe impairment[s]: medial tibial stress syndrome (shin-splits), right plantar fasciitis, lumbar myofascial strain, and right rotator cuff tendinosis" (A.R. 12). The ALJ found that, despite these severe impairments, Plaintiff retains the residual functional capacity to perform "a limited range of sedentary and light work" (A.R. 13). According to the ALJ, Plaintiff cannot perform her past relevant work, but can perform other jobs (A.R. 19-21). The medical record reflects

Plaintiff's obesity, but the ALJ's decision does not mention obesity (A.R. 10-21, 297, 390, 416).[2] The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

///
///
///
///
///
///
///

---

[2] Plaintiff's body mass index ("BMI") has consistently exceeded 30.0, the "obesity" threshold in the Clinical Guidelines of the National Institutes of Health. See Social Security Ruling 02-1p. "[I]n most cases, the BMI will show whether the individual has obesity." Id. Defendant does not appear to dispute the fact that Plaintiff is obese (Defendant's Motion at 8).

**DISCUSSION**

I. **The Administration Erred in Failing to Consider or Discuss Plaintiff's Obesity.**

Social Security Ruling ("SSR") 02-1p governs the evaluation of obesity.[3] Obesity "commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and <u>musculoskeletal body systems</u>." SSR 02-1p (emphasis added). The Administration should consider "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment . . . The combined effects of obesity with other impairments may be greater than might be expected without obesity. . . . <u>[W]e will explain how we reached our conclusions on whether obesity caused any physical or mental limitations</u>." SSR 02-1p (emphasis added).

In the present case, the ALJ failed to discharge the Administration's responsibilities under SSR 02-1p. If the ALJ failed to consider the possible effects of Plaintiff's obesity, the ALJ thereby erred. <u>Id.</u>; see <u>Edwards-Alexander v. Astrue</u>, 336 Fed. App'x 634, 637 (9th Cir. June 16, 2009). If the ALJ did consider the possible effects of Plaintiff's obesity, but concluded that the obesity did not cause Plaintiff any additional limitations, the ALJ erred by failing to "explain how [he] reached [his] conclusions." <u>Id.</u>; see <u>Celaya v. Halter</u>, 332 F.3d 1177, 1182 (9th Cir. 2003)

---

[3] SSRs are "binding on ALJs." <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

("Celaya"); Gentle v. Barnhart, 430 F.3d 865, 868 (7th Cir. 2005); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

Defendant argues that "[b]ecause Plaintiff has presented no evidence that obesity resulted in any greater functional limitations than those identified by the ALJ in his RFC finding, Plaintiff cannot establish that the ALJ erred" (Defendant's Motion at 9). This argument must be rejected in light of the authorities cited above, particularly Celaya and SSR 02-1p. It is true that cryptic passages from two unpublished Ninth Circuit decisions appear to support Defendant's argument. See Burton v. Astrue, 310 Fed. App'x 960, 961 n.1 (9th Cir. Feb. 2, 2009); Hoffman v. Astrue, 266 Fed. App'x 623, 625 (9th Cir. Feb. 12, 2008). These decisions do not and cannot overrule Celaya, however. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (published Ninth Circuit panel decision controls, absent express overruling by an en banc court or an intervening United States Supreme Court decision clearly irreconcilable with the panel decision); U.S. Ct. App. 9th Cir. Rule 36-3(a) (Ninth Circuit's unpublished dispositions generally "are not precedent"). Nor does either of the unpublished decisions purport to explain how an ALJ can comply with SSR 02-1p without even mentioning a claimant's evident obesity.

///

The published decision of Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005) ("Burch"), cited by Defendant, is materially distinguishable from the present case. In Burch, unlike the present case, the ALJ acknowledged evidence of the claimant's weight gain, expressly "recognized that [the claimant's] obesity likely contributed to her back discomfort," and expressly "considered [the claimant's] obesity in making [the ALJ's] determinations regarding RFC and vocational ability." Burch at 683-84. Thus, in Burch, unlike the present case, the ALJ did something toward compliance with SSR 02-1p.

The Court lacks sufficient information to determine whether the ALJ's error regarding Plaintiff's obesity was harmless. See, e.g., Morris v. Barnhart, 2004 WL 1238397 *4 (E.D. Pa. May 10, 2004) ("As the ALJ did not provide an explanation in her report as to whether Plaintiff's obesity was considered, the Magistrate Judge could not make a factual finding that the plaintiff's obesity did not have an impact").

**II. Remand, Rather than Reversal With a Directive for the Payment of Benefits, is Appropriate.**

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

6

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 25, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

7